2007 OK CIV APP 78

**James Ray FRIEND, Plaintiff/Appellant,**

v.

**Mandy L. TESORO, now Robertson, Defendant/Appellee.**

No. 104,281.

Court of Civil Appeals of Oklahoma, Division No. 1.

June 15, 2007.

---

Miles C. Zimmerman, Zehra Jaffrey, Lincoln County Law Center, Chandler, OK, for Plaintiff/Appellant.

Kimberly K. Moore–Waite, Thomas Neil Lynn, III, Legal Aid Services Of Oklahoma, Stillwater, OK, Thomas Neil Lynn III, Legal Aid Services of Oklahoma, Inc., Oklahoma City, OK, for Defendant/Appellee.

CAROL M. HANSEN, Presiding Judge.

¶1 The trial court dismissed Plaintiff's, James Friend, petition to determine paternity, filed July 9, 2002, of N.F.T. born August 18, 1999.[1] Mr. Friend appeals without appellate briefs in conformance with the procedures for the appellate accelerated docket, Okla. Sup.Ct. R. 1.36, 12 O.S.2001, Ch 15, App.1.

¶2 The parties were never married. Mandy Tesoro, now Robertson is the mother of N.F.T. She moved to dismiss the action alleging a DNA test showed conclusively James was not N.F.T.'s father. Neither does Nickole's birth certificate list the name of the father. She alleged she was already pregnant with N.F.T. at the commencement of her conjugal relationship with Plaintiff. No briefs were submitted by either party at trial, and no transcript was designated or included in the record.

¶3 N.F.T.'s guardian ad litem filed a detailed report concerning N.F.T., her mother and James Friend. He stated James Friend held himself out as the father of N.F.T. for over a two year period after her birth, and she resided with him over the same two year period. She feels N.F.T. knows James as her father. She knows her real father (not named in the action) only as a cousin.

¶4 Although the record does not reflect there was a discussion of the Uniform Parentage Act, 10 O.S.2006 Supp. § 7700–101 *et seq*, at trial, the Act itself in § 7700–902 specifically states: "A proceeding to adjudicate parentage or an acknowledgment of paternity which was commenced or executed before November 1, 2006,[2] is governed by the Uniform Parentage Act." The Act provides:

\*   \*   \*   \*   \*   \*

§ 7700–204 A. A man is presumed to be the father of a child if:

5. For the first two (2) years of the child's life, he resided in the same household with the child and openly held out the child as his own.

B. A presumption of paternity established under this section may be rebutted only by an adjudication under Article 6 of the Uniform Parentage Act.

10 O.S.2006 Supp. § 7700–607 provides:

A. Except as otherwise provided in subsection B. of this section, a proceeding brought by a presumed father, the mother or another individual to adjudicate the parentage of a child having a presumed father shall be commenced not later than two (2) years after the birth of the child.

B. A proceeding seeking to disprove the father-child relationship between a child and the child's presumed father may be maintained at any time if the court, prior to an order disproving the father-child relationship, determines that;

1. The presumed father and the mother of the child neither cohabited nor engaged in sexual intercourse with each other during the probable time of conception; and

2. The presumed father never openly held out the child as his own.

¶5 In our view, these provisions were enacted to cover the exact situation we have here. The action was not commenced within the two year restriction. According to the petition, Friend was a presumed father under § 7700–204(A)(5). Challenges against a

---

1. He also sought determination of his paternity of James O. Friend, born in January of 2002. His paternity of this child is not in question.

2. The Act was made effective November 1, 2006.

presumed father must be brought within two years of the child's birth. § 7700–607(A). This paternity action was commenced July 9, 2002, more than two years after N.F.T.'s birth (August 18, 1999). Therefore, if Friend's allegations are true, it appears he is the presumed father of N.F.T., which presumption cannot be rebutted.

¶ 6 It also appears that the trial court relied exclusively on the DNA test, i.e. biological fatherhood, and did not apply the Uniform Parentage Act. This was error and the January 5, 2007 Order of Dismissal must be reversed.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

BUETTNER, J., and BELL, J., concur.